HON. C. VOORHIES,
HON. A. M. BUCHANAN,
HON. H. M. SPOFFORD,
HON. J. N. LEA,

} *Associate Justices.*

---

JANE COWAND, wife of A. K. AKEN, *v.* JOSEPHINE PULLEY, wife of ELIJAH COX, and HER HUSBAND.

Suit on a due bill.

It was objected that the plaintiff did not allege in her petition that she was separated in estate from her husband. *By the Court:* No such allegation is necessary. The evidence shows conclusively that the debt originated in a loan of money made by the petitioner, in her own name, out of funds which were paraphernal. She had a right to assume at any time the administration of her paraphernal property, and the taking of this due bill for money lent by herself was itself an act of administration.

Parties engaged in the purchase of materials, and the manufacture thereof into carriages for sale, are liable as commercial partners; but mechanics, who make carriages to order, or repair them, would not necessarily be commercial partners.

The prescription of three years, applicable to a loan of money, does not apply to a due bill given at the time for such a loan.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Phillips,* for plaintiff.  *G. B. Duncan,* for defendants and appellants.

LEA, J. The plaintiff sues upon a due bill given by the late firm of *Aken & Cowand* for the sum of $464 20. The petitioner, who is a married woman, alleges that the due bill sued upon is her paraphernal property, that it was given to her for money lent to the late firm of *Aken & Cowand,* who were commercial partners, and are bound *in solido,* and that the defendant, the widow in community of *Joseph O. Cowand,* one of the firm, having never renounced the community, is bound for the community debts. Various matters of defence are set up, which will be considered separately.

1st. It is urged that there is no allegation that the petitioner is separate in estate from her husband. No such allegation is necessary. The evidence shows conclusively that the debt originated in a loan of money made by the

petitioner in her own name to the late firm of *Aken & Cowand* out of funds which were paraphernal. She had a right to assume at any time the administration of her paraphernal property, and the taking of this due bill for money lent by herself was itself an act of administration.

2d. It is objected that it is not proved that the firm, which the petitioner avers signed the bill, is a commercial one, and that the firm being an ordinary partnership, the liability of the partners is joint, and that the joinder of the other partner is a necessary prerequisite to a judgment. As we are of the opinion that there are other reasons why there must be a judgment of nonsuit, we shall dispose of this point with the remark that if the evidence established that the defendants were engaged in the purchase of materials and the manufacture thereof into carriages for sale, they would, under our law, clearly be liable as commercial partners; but mechanics, engaged in making carriages to order, or in repairing them, would not necessarily be commercial partners. The evidence is not as full on this point as would be satisfactory. Persons associated in the mechanical employments are not, as a general rule, commercial partners, though they may, and generally do, so conduct their business in this city as to be merchants also.

3d. The defendant objects that no proof whatever has been offered showing that she was the wife of *Cowand* at the date of the loan, and, moreover, that neither the note nor protest sued upon have been offered in evidence.

These objections appear to be well founded, and as they are urged upon the consideration of the court, we cannot overlook them. We have searched the record in vain for any evidence showing that the defendant was the wife of *J. O. Cowand* at the date of the alleged loan, and whatever may have been intended on the trial of the case, the note of evidence does not show that either the due bill or the protest thereof were offered in evidence. It is true the evidence establishes the *loan of money* for which the note was given, but if the action is to be considered as based upon the loan *as such*, the plea of the prescription of three years would bar the action and extinguish the debt. It is only as the holder of the due bill, existing in a negotiable form, that the petitioner can escape the plea of prescription; and this brings us to the consideration of the question whether this plea, to wit: the prescription of three years, is applicable to a loan of money for which, at the time of making it, a note or due bill, in a negotiable form, was given.

It is urged that the debt itself consisted in the borrowing of the money, and that the due bill is merely the evidence of the debt. The same remark, however, will apply with equal force to all bills of exchange or promissory notes, transferable by endorsement or delivery, originating in loans of money. Even in the hands of third parties they are merely evidences of debt which have been assigned or transferred to the holders. The fact, as is often the case, that they originated in loans, would not bring them within the operation of the prescription of three years.

We think it was the intention of the Legislature to protect the holders of debts evidenced by negotiable paper against the operation of any prescription but that of five years.

It is ordered, that the judgment appealed from be reversed, and that upon the plaintiff's demand there be judgment as in case of nonsuit, and that the plaintiff and appellee pay costs in both courts.