The opinion of the court was delivered by
Miller, J.
The plaintiffs seek to hold defendants liable for an amount deposited in the Traders’ Bank, under which name it is alleged the defendants conducted the banking business, and the bank itself is included as a defendant. The defendants excepted that suing the bank along with the other defendants was a misjoinder, and es-topped the plaintiffs from denying the corporate capacity of the bank; that this estoppel was further supported by the fact plaintiff had recognized the corporate capacity of the bank by depositing the money and other dealings with it; and the estoppel is placed by the exceptions on the additional ground that in a previous litigation between Mrs. Williams, the plaintiff here, and Hewitt, one of the defendants, she had made averments inconsistent with her position in this case; that the defendants are liable as members of an unincorporated association. These defences of estoppel are again urged in the answer along with the general issue, and the defence that plaintiffs dealt with a corporation and can not hold the shareholders liable. The lower court overruled the exceptions on the merits, gave judgment against defendants, and they appeal.
The law recognizes a firm name and the petition sues the Traders’ Bank, alleging it to be an unincorporated association and the individual members of the association averred to be commercial partners. Money in bank and other personal property of the partnership is usually held in the name of the partnership, and the law *1081 authorizes suits against the partnership and the individual members. We think there was no misjoinder. Code of Practice, Art. 198; Story on Partnership, Secs. 102, 142.
The defendants objected to the testimony offered by plaintiff tending to show that the articles of association relied on to sustain the defence of the corporate capacity of the bank were never published as required by law. The objection was, the petition alleged no defects in the organization of the corporation. In our view, it was unnecessary to make such allegations or offer the testimony. It is, we think, clear that sued as commercial partners it was for defendants to maintain they had become a corporation, by complying with the requisites of the law. Hence, the ruling on the testimony is of no consequence.
The legislation authorizing the formation of banking associations requires the organization articles to be by notarial act, stating the number of shares into which the stock is divided; the names, resi-I dences and number of shares held by the shareholders; the time/ manner of payment of the shares, with other particular's; and the act must be registered in the office of the recorder of the parish; the domicile of the corporation, and the act must be published in that parish and in New Orleans, and in Baton Rouge. Revised Statutes, See. 279.
It is conceded that the act claimed to invest the defendants with corporate capacity contained no statement of the number of shares held by defendants, and was never published in New Orleans or Baton Rouge. Mere informalities in the act may well be disregarded, but it will not be disputed it is to be presumed that the omission in the act here, and the failure to publish it as required, are' material. In our view, the fact affords no defence, and unless there is some other ground, defendants must be held as commercial partners. Cook on Shareholders, Secs. 230, 231, 232, 233, 234, et seq.; Revised Statutes, Sec. 282; Field vs. Cooks, 16 An. 153; Workingmen’s Accommodation Bank vs. Converse, 29 An. 370; Vrendenburg vs. Behan, 33 An. 635; Story on Partnership, Sec. 164; Angell and Ames on Corporations, Secs. 41, 591.
It is claimed, in support of the estoppel pleaded, that the tendency of more recent authority is that those who constitute themselves and do business as a de facto corporation can not be held as individuals. If this is to be accepted, there is but limited, if any, necessity for *1082 our law providing for organization of private corporations, compliance with which has been generally accepted as essential to enable individuals, without incurring personal responsibility, to do the banking business. It would be enough to assume the name, appoint officers and receive deposits and pay checks. But if the argument is to be deemed to affirm that an attempted organization under the corporation law will relieve individuals from liability in conducting a de facto bank, the answer is, we think, that the organization proposed must conform to the substantial requisites of the law, or it will be abortive. Mr. Cook thus states the law: “The creditor may ignore the asserted corporation, and proceed against the supposed stockholders, if the prescribed method of incorporation has not been observed.” He recognizes that mere informalities are inconsequential. He mentions want of publication as fatal, and we think no less can be said of the absence of any statement of the number of shares held by shareholders, the measure of jjwhose responsibility, indicated by the number of shares they hold, is important to be known to all who risk their money on deposit in chartered banks. Cook, Ibid., and our decisions cited. Revised Statutes, Sec. 282; Angelí and Ames on Corporations, Secs. 41, 591. The fact then that the defendants assumed to be and did business as a de facto bank, even if that assumption is deemed conveyed to plaintiffs by the name of the bank and issue of \ the certificates, is manifestly no protection to defendants against (liability in their individual capacities.
We do not understand that the testimony as to the dealings of the plaintiffs with the bank attributes to them any knowledge at the time they made the deposit of the attempted organization. The estoppel seems to rest on the deposit and the certificate issued by the institution known as the Traders’ Bank. It is possible to conceive of one depositing his money in a bank with full knowledge the institution had proposed organization as a corporation under the laws, had failed, and yet was doing business. If anybody had that knowledge, in all human probability no such deposit would ever be made, certainly not, unless the depositor was satisfied of the personal responsibility of the parties engaged in the business, and relied on it, and on it alone. We can not, therefore, find the basis for any estoppel based on any knowledge on plaintiffs’ part of the attempted organization or its failure, for if he had any such notice he must be *1083 deemed to have acted on the faith of that personal liability it is now claimed he is estopped from asserting. If there was any estoppel of this character, the plaintiff’s would be in this predicament; it is conceded the bank never organized, and hence plaintiffs have none of the remedies given by our legislation to creditors of corporations. Revised Statutes, Sec. 275, et seq.; Act No. 150 of 1888; No. 95 of 1882. Nor have they any recourse on the individual members of the unincorporated association if their theory on estoppel prevails. The plaintiffs, when they made the deposit, acted on the ordinary faith of responsibility for that deposit. Their knowledge that the institution was not chartered came to them after the deposit. There is, in our view, no basis to infer any notice to plaintiffs of any kind on which an estoppel can be based, unless we are to hold that the externals usual to all private banks, of the name of a bank and presidents and cashiers, with the issue of certificates of deposit, estop plaintiffs from asserting the individual liability of those who receive deposits.
The courts have not frequently applied the estoppel against denying the existence of the corporation. It will be found that in such eases the estoppel has rested on conduct of the corporation which made it inequitable for it to avail of the estoppel, and it strikes us if there is any room in this case for any estoppel, it would be that ; arising from defendants taking plaintiff’s money on deposit as Í bankers with no license to do that business. It would be, in our > view, a palpable wrong to plaintiffs if they were not precluded from enforcing against defendants the liability announced in express terms by our statute and with equal clearness by the commercial law that unincorporated bankers shall be liable to the full extent of| their engagements. Revised Statutes, Sec. 282; Story on Partnership, Sec. 164, 77; Angel and Ames on Corporations, See. 41, 591. • Estoppels in favor of corporations have been placed on dealings with them resulting in some benefit or advantage obtained from the corporation, and very naturally, it has been held that the party holding such advantage or benefit could not dispute the resulting liability by denying the existence of the corporation when sued by it I on his obligation. It is in great part the long line of cases of estoppels against or for corporations or asserted corporations all resting on some basis of conduct or of benefit obtained, or other cause forbidding as inequitable the estoppel attempted to be invoked, from *1084 which the defendants claim to derive support for the estoppel of conduct they plead. These cases, cited in defendant’s brief, have had our attention and are covered, we think, by the comment we make. Thus in Douglas County vs. Bolles, 94 U. S. 104, it was held the corporate existence could not be denied by its debtors; the same principle is applied in another case cited by defendants of suits to enforce stock subscriptions. Casey vs. Galli, 94 U. S. 680, and there are similar types. The case of Wallace vs. Loomis, 97 U. S. 446, affirms that corporate capacity assumed to obtain a standing in court can not be afterward denied. Another phase of estoppel having some affinity to defendants’ ease, is that of a creditor selling to a corporation in progress of formation when the goods were sold, and the organization completed after, of all of which the creditor was fully advised when he sold the goods; in the suit brought by him against the individuals of the corporation it was very properly held he was estopped by the explicit communication to him, arising from the transaction itself and the correspondence, that he was dealing with an inchoate corporation, and was to rely alone on its responsibility. Whitney vs. Wyman, 101 U. S. 392. In these and similar cases in which any dispute of the corporate existence has been deemed precluded, we can find nothing to support defendants’ contention. The plaintiffs have obtained no benefit or advantage from defendants, nor done any act or pursued any line of conduct by which defendants have been prejudiced, or at all inconsistent with plaintiffs’ suit to obtain their money from those who took it on deposit. The plaintiffs put their money in defendants’ bank under the usual obligation of those who received the money to return the deposit when called upon. We can find no estoppel arising out of this transaction to defeat the plaintiff.
Nor do we think the other estoppel urged on us rests, on any better basis. It is that in the suit of Hewitt, one of the present defendants, against Mrs. Williams, the present plaintiff, she urged that the notes and claims on which she was sued belonged to the Traders’ Bank, of which he was president. It was a fruitless attempt of a debtor to deny the plaintiffs’ title to notes and claims assigned to him, which he had no interest to question. The defence failed, and because of this defence it is now urged she can not sue the defendants for her deposit. In the first place the averment by Mrs. Williams that Hewitt was president of the Traders’ Bank in no man *1085 ner admits it was a corporation. The principle she asserted that one could not acquire, individually, notes or claims that came into his hands, or in his fiduciary capacity, might as well be said of the president of a private bank as of a corporation. The averment admits nothing bearing on this case, and besides, a means of defence overruled in a past litigation will not, except under peculiar circumstances, preclude the facts passed on in the previous litigation from use in a future suit.
We have given the case in all its aspects careful attention, and in our view there was no defence. If we have not noticed all phases of the able discussion of the defendants, it is because the views expressed dispose of the case.
It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.