(40 South. 778.)

No. 15,874.

PROVIDENT BANK & TRUST CO. v. SAXON et al.

(April 9, 1906.)

1. CORPORATIONS — DEFECTIVE ORGANIZATION — VALIDATION.

Where the allegations of a petition disclose that defendants were conducting business as commercial partners in the name of a mercantile company limited, and falsely claimed to be a corporation, which the petition charges was pretended to be organized under a defective charter and without complying with several requirements of the statute, and when it is further alleged that none of the capital stock had been subscribed or paid or intended to be subscribed or paid; and it is not alleged that the charter was recorded in the Mortgage Book of the parish, *held*, that the allegations show a cause of action, and do not disclose the organization and operation of such a corporation as is contemplated by Act No. 120, p. 281, of 1904, to validate the charters of corporations irregularly organized.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 70–76.]

2. SAME — CORPORATE EXISTENCE — ESTOPPEL TO DENY.

The fact that a creditor has contracted with a company holding itself out as a corporation does not necessarily work an estoppel to deny its corporate existence.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 84–87.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by the Provident Bank & Trust Company against Walter L. Saxon and others. Judgment for defendants, plaintiff appeals. Reversed.

Miller, Dufour & Dufour, and Frank McGloin, for appellant. Lyle Saxon, for appellees. Walter L. Saxon, Claude M. Smith, Col. Peter F. Pescud, and Edward A. Aarons (Samuel Louis Gilmore, of counsel, for appellee Col. Peter F. Pescud). Richardson & Soulé and J. S. Sexton, for appellees Dr. Luther Sexton and Ed S. Maunsell. Saunders & Gurley, for appellee J. B. Sinnott. Rice & Montgomery, for appellee Robert W. Wilmot. McCloskey & Benedict, for appellee Thomas J. Henderson.

LAND, J. Plaintiff's suit was dismissed on an exception of no cause of action, which necessarily admits all the facts alleged in the petition.

The defendants were sued as members of a commercial partnership, formerly doing business in the city of New Orleans under the name of the "Vossburg Mineral Springs Co., Ltd."

It is alleged that the business of the concern was the selling of spring water in bottles, packages, or otherwise, and that the company became indebted to plaintiff on deposit account in the sum of $6,899.73, or in the alternative in the same sum on a note and a number of drafts filed and made part of the petition.

The deposit account was kept in the name of the "Vossburg Mineral Springs Co., Ltd." The note is signed in the same name by "Henry Mordecai, President," and the drafts were drawn by him officially to the order of, and indorsed by, the "Vossburg Mineral Springs Co., Ltd."

In eight instances shares of stock of said company were attached to drafts as collateral. The note and all of the drafts were discounted by the plaintiff bank, and the net proceeds placed at credit of the company.

The petition alleges that the defendant and others, constituting the company, so called, falsely claimed to be and have been a corporation established under the laws of this state, whereas it was in truth and to the knowledge of defendants a commercial partnership only.

The petition charges that the pretense that the Vossburg Mineral Spring Co., Ltd., was a corporation was nugatory for the reason, among others, "that no original or other subscriptions made for the purpose of organizing the said company or any list of subscriptions was recorded in the office of the recorder of mortgages for this parish," as is required by section 686 of the Revised Statutes of 1870; that the charter was not published in a newspaper or daily journal as enjoined by the same section, but in a weekly religious journal with a limited circulation confined to the members of a certain church organization; that the company never had a true capital subscribed of $5,000, as required by law; that the pretended charter does not affix any manner or terms of payment of its alleged stock as enjoined by Rev. St. 1870, § 685; that there never was any real subscription to stock of the said corporation, or any intention by the parties forming the same to so subscribe; that there were never any payments for such stock either made or intended by the parties concerned.

The charter was not annexed to the peti-

tion, and its contents can be ascertained only by reference to the allegations of the pleader.

Several defects "among others" are pointed out, but there is no presumption that the charter was perfect in all other respects, or that all other formalities required by law were observed.

The pleader, after alleging facts sufficient to charge defendants as commercial partners, seems to have anticipated the probable defense that defendants were not members of a commercial partnership, but were stockholders in a de jure or de facto corporation, and therefore not liable personally for the claims sued on.

It is not alleged in the petition that the charter was recorded in the office of the recorder of mortgages. The whole argument for the defense is based on the proposition that defendants undertook to form a corporation under the existing laws of this state; that they had executed, recorded in the mortgage office, and published their charter; that the corporation so formed had subsequently done business as a corporation; and that it had been recognized as a valid corporation, and all of its acts and contracts ratified by Act No. 120, p. 281, of 1904.

We assume that the act was passed for the benefit of persons who had actually and in good faith attempted to organize corporations for business purposes, but, in so doing, had committed errors and mistakes in the proceedings or in the instruments of incorporation.

The petition charges that the so-called corporation was a commercial partnership doing business in the name of a limited liability company, and that defendant falsely and knowingly pretended that the partnership was a corporation established under the laws of the state.

It is charged that there was never any real subscription to the capital stock or any intention by the parties forming the company to so subscribe, and that there never were payments for such stock either made or intended to be made by the parties concerned.

Admitting all the allegations of the petition to be true, it follows that the corporation, so called, was but a name, under which the defendants conducted a commercial business.

The allegations of the petition are sufficient to show a cause of action against the defendants as commercial partners, and do not disclose that the "Vossburg Springs Company, Ltd.," was a corporation de jure or de facto under the laws of this state.

The pleader might have well rested on his allegation that the defendants were commercial partners, without anticipating the defense. The questions of law raised are of the utmost importance, but find no application to such a corporation as that described in the petition, consisting of a name and nothing more.

This court has decided in a number of cases that the fact that a creditor has contracted with a company holding itself out as a corporation does not necessarily work an estoppel to deny its legal corporate existence. Spencer Field & Co. v. Cooks et al., 16 La. Ann. 153; Chaffe v. Ludeling et al., 27 La. Ann. 611; Williams v. Hewitt, 47 La. Ann. 1076, 17 South. 196, 49 Am. St. Rep. 394; Lehman v. Knapp et al., 48 La. Ann. 1154, 20 South. 674.

It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that the exceptions of no cause of action be overruled, and that this cause be remanded for further proceedings according to law; costs of appeal to be paid by appellees.