LAND, J.
Plaintiff’s petition was dismissed on an exception of no cause of action. The issues are similar to those considered in the ease of Provident National Bank & Trust Co. v. Walter L. Saxon et al. (this day decided), 40 South. 778;[1] the defendants in both cases having been sued as commercial partners conducting business under the firm name of the “Vossburg Mineral Springs Company, Limited.”
In the latter case the allegations are more far reaching and present the case of a pretended corporation with a charter, and nothing more.
In the instant case, plaintiff alleges that the defendants have been engaged in the business of buying and selling mineral waters, and in the prosecution of said business have been associated in a commercial partnership, and as to the same are and have been commercial partners.
The petition further alleges that the defendants carried on such business under the name and style of the “Vossburg Mineral Springs Company, Limited,” and under the pretense that the same was a corporation, whereas in law and in fact the said parties did not form a corporation; that the contract was one of partnership commercial in its character; and that, in the attempted organization of the said so-called corporation, the law was violated or not complied with in many particulars, especially in the following:
“That, while the pretended notarial charter was recorded in the mortgage office, ‘there was not recorded then, or at any other time, in said mortgage office, the original subscriptions made for the purpose of organizing said pretended *416 corporation’; that there was an entire failure or omission to publish the said pretended charter in a newspaper published at the domicile of said pretended corporation, in accordance with law; that said publication was made in a religious paper published weekly, of special and limited circulation, and such was not in compliance with the requirements of law, touching such publication.”
The petition further alleges that the defendants, falsely claiming to be a corporation, as petitioner then and there believed, and assuming without authority to act as a corporation, opened a deposit account with petitioner, and in the usual course of business contracted the indebtednes sued for and as shown by the statement annexed to the petition.
The charter was not annexed to the petition, and the pleadings do not disclose what were its provisions.
The pleader alleges that the law was violated or not complied with “in many particulars,” especially in the two set forth in the petition.
As we said in the case of the Provident Bank & Trust Co., the pleader might well have stopped with the allegations that defendants were partners in a commercial business conducted under the name and style of the “Vossburg Mineral Springs Company, Ltd.,” which was not in fact or in law a corporation, and left to the defendant the onus of pleading and proving that the concern was a de jure or de facto corporation, and that all irregularities in its charter or organization had been cured by the provisions of Act No. 120, p. 281, of 1904.
The only facts as to the organization of the concern as a corporation, which are specifically admitted in the petition, are that there was a notarial charter, and that the same was recorded in the Mortgage Book of the parish.
The district judge held that the special defects alleged in the petition were cured by the provisions of Act No. 120, p. 281, of 1904.
How far this curative statute concluded third persons, who may have acquired rights against the corporators as commercial partners prior to the enactment of the law, is not discussed in the opinion of our learned brother. The question is one of great gravity and importance, and in our opinion should not be decided on the doubtful and imperfect statement of facts as to the organization of the company set forth in the petition.
This court has heretofore held that the fact that a creditor has contracted with a company styled a corporation, through its representative officers, does not necessarily work an estoppel to deny its corporate existence. Spencer Field & Co. v. Paul Cooks et al., 16 La. Ann. 153; Chaffe & Bro. v. Ludeling et al., 27 La. Ann. 611; Lehman & Co. v. Knapp et al., 48 La. Ann. 1154, 20 South. 674; Williams v. Hewitt, 47 La. Ann. 1076, 17 South. 496, 49 Am. St. Rep. 394.
Act No. 36, p. 27, of 1888, authorizes any number of persons not less than three, “upon complying with the laws of this state governing corporations in general,” to constitute a corporation “limited,” for the purpose of carrying on any lawful business or enterprise, except stock jobbing. Section 686 of the Revised Statutes of 1870 provides:
“That charters of corporations and the original subscriptions made for the purpose of organizing them, shall be recorded in the office of the recorder of mortgages or other officer exercising his functions at the place selected for the domicile of the corporation.”
The recordation of the original subscriptions is as mandatory and as important as the recordation of the charters. .
The subscriptions represent the capital necessary to carry into effect the agreement evidenced by the charter.
Whether it was the intention of the law-, maker, in the enactment of Act No. 120,. p. 281, of 1904, to validate inchoate corporations which had not caused subscription lists *418 to be recorded to the prejudice of prior creditors, need not now be decided.
The allegations of the petition showing that defendants were commercial partners disclose a cause of action, and impose on defendants the burden of pleading and proving the legal existence of the alleged corporation, or that plaintiff is estopped to deny the corporate existence.
It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now ordered and decreed that the exceptions of no cause of action be overruled, and that this case be remanded for further proceedings according to law; appellees to pay cost of this appeal.

 Ante, p. 408.