**(104 So. 121)**

**No. 26574.**

### MILLER et al. v. ST. MARKS BAPTIST CHURCH et al.

(March 30, 1925. Rehearing Denied April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Religious societies** ⬡⟲9—**Admission of president in suit for appointment of receiver not binding on corporation.**

   In suit for appointment of receiver of incorporated religious society, admission of president in separate answer of necessity for appointment, without any authority from corporation, is not binding upon corporation.

2. **Religious societies** ⬡⟲4—**Defects in incorporated society's charter cured.**

   Failure of charter of religious society to provide for term of existence and manner of liquidation of corporation *held* cured by Act No. 120 of 1904, validating corporations which were going concerns previously attempted to be formed under laws of state.

3. **Religious societies** ⬡⟲35—**Minority members of incorporated church not entitled to appointment of receiver.**

   Minority members of religious society had not right to break up church by appointment of receiver and liquidation of affairs, not being such owners in indivision as to give them standing in court to force such action.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by James Miller and others against St. Marks Baptist Church and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 155 La. 601, 99 So. 463.

Paul W. Maloney and John C. Davey, both of New Orleans, for appellants.

Habans & Coleman, of New Orleans, for appellee St. Marks Baptist Church.

Louis Randolph Hoover, of New Orleans, for exceptors.

BRUNOT, J. This is a suit by the minority members of a religious corporation for the appointment of a receiver and a liquidation of the affairs of the corporation. It is based upon the following grounds: That the charter fails to provide a term for the existence of the corporation, and it fails to provide a manner for its liquidation, and that the corporation is defunct, and that it never had legal existence.

The congregation has divided into factions, and the bone of contention between the factions is the control of the church, its property, and the selection of its pastor. The membership of the church is about 500 persons. Many of them have taken no part in the controversy.

The faction in control filed an exception of no cause of action to the application for the appointment of a receiver, and, from a judgment sustaining this exception and dismissing plaintiffs' suit, they have appealed.

[1] The president of the corporation, who is apparently in accord with the views of the petitioners, answered the suit on his own motion, and without authority of any kind from the corporation, and admitted the necessity for the appointment of a receiver. This admission on his part is, in no sense, binding upon the corporation. Vasquez v. Metropolitan Building Co., 134 La. 907, 64 So. 827; Jeanerette Rice & Milling Co. v. Durocher, 123 La. 160, 48 So. 780.

[2] Act No. 120 of 1904 cured the defects in the corporation's charter. This act is a statute of repose, and it validated corporations which were going concerns, and which had previously been attempted to be formed under the laws of this state, and the constitutionality of this act was upheld in the case of Provident Bank & Trust Co. v. Saxon et al., 123 La. 243, 48 So. 922.

[3] This case is strikingly similar to the case of Le Blanc et al. v. Lemaire et al., 105 La. 539, 30 So. 135. In that case this court said:

"This case presents the question whether church property, part of which is a church site with buildings, another part a burial ground,

owned as per deed of record by the 'Pleasant Green Baptist Church,' an unincorporated religious society, is subject to partition at the instance of a minority of the congregation, among those who, at this time, claim membership in the church. Held a minority of the congregation, under the case as presented, have no right to break up the church by forcing the sale of its property for purpose of partition on the plea of being owners in indivision. While they may have certain property rights in the church holdings, they are not considered such owners in indivision as give them a standing in court to provoke, against the will of the majority, a partition of that which, by common understanding, was intended to remain intact for the purpose of religious worship."

The plaintiffs in this case do not directly seek a partition of the church property; that is to say, they do not bring a suit for partition, but they seek the appointment of a receiver for the corporation, and the prayer of their petition is that all of the affairs of the corporation be liquidated and wound up in accordance with law. It is apparent that this case and Le Blanc et al. v. Lemaire et al. presents a distinction without a difference.

For the reasons assigned, we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellants' cost.