LIND v. SENTON ET AL.

——

(February 25, 1929. Opinion and Decree.)

——

Hopkins and Talbot, of New Orleans, attorneys for plaintiff, appellee.

Fred G. Veith, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Plaintiff leased certain premises to "Metalizing Works, Inc."

The act of incorporation of Metalizing Works, Inc., was executed before a notary public, but no other steps were taken to complete the incorporation.

The three signers of this act of incorporation, M. S. Senton, Charles F. Helmecke and Frederick G. Veith, to some extent carried on the business which they had intended should be done by the corporation, which died "aborning."

In doing so they made themselves liable as partners:

Provident Bank & Trust Co. vs. Saxon, 116 La. 408, 40 So. 778;

Louisiana National Bank vs. Henderson, 116 La. 413, 40 So. 779;

Campbell vs. J. I. Campbell Co., 117 La. 402, 41 So. 696;

Burdick on "Partnership," page 45.

Senton and Veith claim that they did not know that Helmecke was carrying on the business. We find it unnecessary to discuss the question of whether or not knowledge that business is being conducted is, as a general rule, necessary to hold incorporators, or, rather, intended incorporators, liable as partners, for the record convinces us that Senton should have known from his association with the others and from his visits to the premises that business was being conducted and he, therefore, can be said to have had constructive knowledge, and we are well satisfied that Veith had actual and full knowledge. Veith's memory seems to be unusually poor in this regard and we feel certain that he knew all, or practically all that was being done in the name of the concern.

Defendants contend that, even if they are liable as partners, they should not be held solidarily, because such business as was done would not classify the partnership as a commercial one. The act of incorporation which was signed by the three defendants contained article 3, which set forth the objects and purposes for which the corporation "Metalizing Works, Inc." was to be formed. These objects and purposes, if carried out by a partnership, were such as, under Revised Civil Code, article 2825, would have constituted the partnership a commercial one. Plaintiff contracted with these defendants who were acting under the name "Metalizing Works, Inc." The charter or act of incorporation of Metalizing Works, Inc., set forth the kind of business to be done and plaintiff should not be required to go beyond this to determine whether or not the partnership to which he leased his premises was a commercial one.

At the termination of the lease much movable property belonging to plaintiff had been either destroyed or removed by the tenants, and, in addition to the amount claimed as rent and as liquidated damages, plaintiff asks that he be awarded the value of these articles. The judge, a quo, heard all of the evidence with reference to these articles and seems to have fixed their value at $348.50. We have gone carefully over all of the evidence with regard to these items of movable property and are of the opinion that the trial court's finding in regard thereto is correct.

The claim for rent and liquidated damages is made up as follows: Two months' rent at $60.00 per month and liquidated damages at $5.00 per day from January 1, 1926, to and including May 31, 1926.

The lease provided that at the end of any six-months period the lessee should have the right to terminate the lease upon giving notice, and that, in the event they gave such notice, but did not vacate, they should pay as liquidated damages $5.00 for each day the premises were retained. Notice was given, but the premises were not vacated and, in fact, were retained from January 1st to and including May 31st.

We do not believe that it was the intention of the parties that if the premises were retained for what amounted to practically a full new term that the stipulation with reference to liquidated damages should apply.

Inasmuch as the lessees had the right to renew the lease for another period, in which event they would have been called

on to pay only at the rate of $60.00 per month, as provided for in the case of a renewal, it would seem inequitable to require them to pay on the much higher basis just because they gave a notice which, as a matter of fact, neither they nor the plaintiff acted upon. Plaintiff was not harmed by the notice and, as the premises were not vacated, it seems proper to hold that both parties, in effect, waived any rights which might have accrued under it. However, this view of the matter carries with it the conviction that, in spite of the notice to the contrary, the action of defendants in remaining in the premises constituted a renewal for another term of six months. They should, therefore, be required to pay on the monthly basis for the full six-month period instead of for only five months, as held by the judge a quo.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, and that there now be judgment in favor of plaintiff, William Lind, and against defendants, Moritz S. Senton, Charles F. Helmecke and Frederick G. Veith, jointly, severally and in solido, for the full sum of eight hundred and eighty and 50-100 dollars ($880.50), with legal interest on $60.00 thereof from November 1, 1925, until paid; like interest on like amount from December 1, 1925, until paid; like interest on like amount from January 1, 1926, until paid; like interest on like amount from February 1, 1926, until paid; like interest on like amount from March 1, 1926, until paid; like interest on like amount from April 1, 1926, until paid; like interest on like amount from May 1, 1926, until paid; like interest on like amount from June 1, 1926, until paid; like interest on like amount from July 1, 1926, until paid; and on $348.50 from judicial demand. All at the cost of appellant.