WUNSCH v. NOEL et al.
No. 5515.

Court of Appeal of Louisiana. Second
Circuit.
Oct. 29, 1937.

Dickson & Denny, of Shreveport, for
appellants.

W. W. McDonald, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff brings this action to recover $250 advanced by him to W. B. Noel, Jr., W. E. Walters, and John J. Bird, alleged promoters and prospective incorporators of a corporation the organization of which was never completed. The amount was advanced to pay the preliminary expenses necessary to incorporation and securing of . permit to operate in Louisiana. Plaintiff also sues for damages suffered by him because of defendants' alleged breach of contract with him. Judgment against them in solido is sought.

W. B. Noel, Jr., only, answered. As to the other defendants judgment went by default. Noel denies any liability whatever to plaintiff; and, alternatively, pleads that in no event should he be held to repay more than his virile part of the amount advanced by plaintiff, such share he avers to be one-fourth, alleging that plaintiff himself was one of the prospective incorporators, and therefore is bound to contribution to the extent of his virile share.

There was judgment in solido against all defendants for $250, but, it having been discovered that Bird had died after trial, but before rendition of the judgment, as to him it was set aside. Noel alone prosecutes appeal. No increase in award is asked by appellee.

The evidence does not convince us that it was understood or contemplated that plaintiff should be an incorporator of the company which never came into existence.

There is a dearth of testimony on the point. No witness was interrogated in regard thereto. Had such been done, doubtless the hazy atmosphere about this issue would have been greatly clarified. We conclude from the documentary evidence introduced and inferences reasonably arising therefrom that Noel, Bird, and Walters conceived the idea of organizing the company but were short of the needed finances to consummate the purpose. Bird approached plaintiff and explained the proposition to him and, because of the liberal returns he was assured on the loan, consented to and did advance the amount herein sued for. A preliminary agreement was signed by Bird, Noel, and Walters and sent to plaintiff and then signed by him. This agreement briefly outlines the objects and purposes for the creation of the corporation, the amount and character of its capital and stock, etc. It contains these two significant stipulations, viz.:

"The purpose of this agreement is to secure the said O. O. Wunsch from loss in any way of the $250.00 (Two Hundred and Fifty Dollars) advanced to the above as preliminary expenses to the forming of the said Company.

"The Company by an agreement of the incorporators, will refund the $250.00 to the said O. O. Wunsch, in thirty (30) and Sixty (60) days and issue 500 shares of the stock of the Universal Salvage Co. as a bonus for the use of the money."

It is reasonably clear from these stipulations that all the connection plaintiff had or was to have had with the project was to advance the cash, secure its return in thirty and sixty days, together with certificate for 500 shares of nopar-value stock as bonus compensation for the use of his money.

The prospective incorporators obligated themselves to complete formation of the proposed corporation and have it repay plaintiff the amount he advanced to them and issue to him the stock. None of this was done. He certainly has the legal right to require them to return his money without any contribution.

The next question that arises is, What is the nature of defendants' liability? Is it joint or in solido?

■ The rule is well established and generally recognized that when persons associate themselves together for the purpose of organizing a corporation, but pursue their purpose no further, or, if pursuing such purpose to the extent of signing valid articles of incorporation, do not thereafter comply with conditions precedent to the company's doing business within the state, or, for any other reason, the proposed corporation never ripens into legal corporate existence, that the promoters or prospective incorporators, whether promoters in strict legal sense or not, are responsible as partners for all preliminary contracts and expenses incurred in connection with the project. Thompson on Corporations (3d Ed.) vol. 1, §§ 98, 99; American Nat. Bank of Shreveport v. Reclamation Oil Producing Ass'n of Louisiana, 156 La. 652, 659, 101 So. 10; Campbell v. J. I. Campbell Co., 117 La. 402, 41 So. 696; Provident Bank & Trust Co. v. Saxon, 116 La. 408, 40 So. 778; Lind v. Senton et al., 10 La.App. 633, 120 So. 535.

■ We reach the conclusion that defendants' liability to plaintiff is that of partners. Their actions and association certainly superinduced definite effects and responsibilities; and, since they breached their agreement with plaintiff by not organizing the corporation, their responsibility to him must be measured to the extent and in the same manner that it would be if only the creation of a partnership between them had been originally contemplated.

■ The extent of liability of the partners, in these circumstances, depends upon the character of business they intended to engage in; that is, whether such liability is joint or in solido. If such contemplated business brings them within the definition of a commercial copartnership, then their liability is solidary; if not, joint.

■ The preliminary contract signed by all the parties, above quoted from, says:

"The Company will engage in salvaging oil and gas wells, pulling casing, buying machinery and equipment, boilers, drilling rigs, etc., in fact anything pertaining to the oil business.

"The Company will have licenses from the Patentee of different devices, that are new and novel as well as very profitable."

Article 2825 of the Revised Civil Code reads as follows:

"Commercial partnerships are such as are formed:

"1. For the purchase of any personal property, and the sale thereof, either in the same state or changed by manufacture.

"2. For buying or selling any personal property whatever, as factors or brokers.

"3. For carrying personal property for hire, in ships or other vessels."

Ordinary partnerships are all such as are not commercial. Revised Civil Code, art. 2826. Solidarity or the intent to so bind one's self is never presumed. Revised Civil Code, art. 2093.

The record contains no testimony amplifying or explaining the above-quoted clauses in the preliminary contract. Nothing is said therein about selling any of the mentioned properties. By way of implication it might be said that such power is included in the statement that the company would be authorized to engage in "anything pertaining to the oil business." However, in the absence of some amplification of this general declaration, we do not feel warranted in construing it to mean to engage in the buying and selling generally of personal property. It seems to us that the corporation's business would have been to salvage oil and gas wells by use of any mechanical or other device known; to pull casing from "dry holes" or exhausted wells, and things of this kind, and for all of said purposes it was authorized to buy machinery, equipment, boilers, etc. Such a line of service could be performed for cash or an interest in the wells or casing, and is in the nature of mechanical employment. Such employment does not, as a rule, superinduce the status of the commercial partnership. Cowand v. Pulley, 11 La. Ann. 1. Such a business falls without the definition of a commercial partnership. In view of this interpretation of the avowed purposes of the incorporators preliminary to the organization of the company, appellant may only be held responsible for his virile share of the amount borrowed from plaintiff. The case of American National Bank v. Reclamation Oil Producing Ass'n, supra, in some respects is quite similar to the present case, and we think virtually decisive of the issue of liability herein discussed.

The syllabus of that case accurately reflects what the court held. It reads as follows: "An association formed for purpose of acquiring and operating certain patents, methods, formulas, and mechanisms for reclamation of abandoned or exhausted oil, gas, and water wells, and to purchase oil and gas leases and wells in order to carry out such objects, but which did not engage commercially in business of buying and selling oil, held an ordinary partnership, under Rev.Civ.Code, art. 2826, and not 'commercial partnership,' under article 2825."

For the reasons herein assigned, the judgment against W. B. Noel, Jr., appealed from is amended by reducing the amount thereof to $83.33, and as thus amended, said judgment is affirmed. Costs of appeal are assessed against plaintiff; other costs shall be paid as fixed by the lower court.