(38 South. 537.)

No. 15,134.

BLANC v. GERMANIA NAT. BANK.*

(Feb. 27, 1905.)

CORPORATIONS—NOTES — EXECUTION — VALID-
ITY—PLEDGE—ESTOPPEL—WAREHOUSE
RECEIPTS—INDORSEMENT.

1. Plaintiff sues to recover back certain prop-
erty which the company of which he is the
liquidating commissioner, acting as a corpora-
tion, gave to the defendant in pledge; and the
defendant challenges the regularity of plain-
tiff's appointment, and his right to stand in
judgment, on the ground that said company
was not a corporation. *Held* that, having re-
ceived the pledged property from said company
as a corporation, defendant cannot, for the pur-
pose of holding on to the property, deny the
corporate character of said company.

2. Although the charter of a corporation re-
quires that the notes of the corporation shall
be signed by the president and countersigned
by the secretary, a note of the corporation sign-
ed by the secretary alone will be valid if issued
in due course of business, and especially if the
corporation was in the habit of disregarding
that provision of its charter. And it would
make no difference that the note had not been
given for a plain loan, but had been discounted.
Nor that it was the creditors of the corporation,
and not the corporation itself, that contested
its validity, the corporation being defunct and
insolvent.

3. But even if said note, because of noncon-
formity with the charter, were invalid, a pledge
executed along with it to secure its payment
would not lapse for want of a principal obliga-
tion, but would remain in full force and effect,
as security for the return of the money re-
ceived in the transaction.

4. A pledge of warehouse receipts need not
be evidenced by any writing, but may be effect-
ed by mere delivery.

5. Act 72 of 1876, p. 113, has no application
to United States bonded warehouse receipts;
hence such receipts are not statutory instru-
ments regulated by said act, but mere ordinary
warehouse receipts, governed by commercial
law, and, as a consequence, need not be para-
graphed, "For hypothecation," in order to be
susceptible of being given in pledge.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish
of Orleans; Thomas C. W. Ellis, Judge.

Action by E. Blanc, as liquidating commis-
sioner of the Aarons-Mendelsohn Company,

*Rehearing denied May 8, 1905.

Limited, against the Germania National
Bank. Judgment for defendant. Plaintiff
appeals. Affirmed.

Dinkelspiel & Hart, for appellant. Buck,
Walshe & Buck, for appellee.

PROVOSTY, J. The defendant bank dis-
counted the note of the Aarons-Mendelsohn
Company, Limited, the corporation whereof
plaintiff is the liquidating commissioner, and
received from said corporation, in pledge to
secure the note, certain promissory notes
and warehouse receipts. The corporation
was represented in the transaction by its
secretary, who alone signed the note and the
act of pledge, although the charter required
that the notes of the corporation should be
signed by the president and countersigned by
the secretary. That charter provision, how-
ever, had been uniformly ignored in the
business of the corporation, which was pure-
ly mercantile, and had been conducted like
that of a partnership by the president and
the secretary, holders of 198 of the 200 shares
of stock. The date of the pledge was April,
1895. In the July following, at the suit of
a creditor, the charter of the corporation
was forfeited, and the plaintiff appointed liq-
uidating commissioner. The present suit was
filed in July, 1896, 12 months after plaintiff's
appointment, and 6 after the bank had con-
verted into cash the last piece of the pledged
property, and credited the proceeds.

The suit is to recover a moneyed judgment
for the aggregate amount of the pledged
notes and the estimated value of the pledged
property. The allegations are that the pledge
is invalid, and that the bank is not entitled
to the pledged property or its proceeds, but
that the plaintiff is entitled to same for the
benefit of the creditors of the defunct, in-
solvent corporation.

The petition strangely omits to allege the
conversion of the pledged property into mon-
ey, and that omission was made the basis of
an exception of no cause of action. The ex-

ception was overruled. It should have been sustained, at least to the extent of requiring plaintiff to amend. But the defect has now been doubly cured—first, by allegations of the answer; and, secondly, by evidence, received without objection, showing the conversion.

Another exception is to the capacity of the plaintiff to stand in judgment in the suit. The Aarons-Mendelsohn Company, Limited, it is said, was not a corporation; no list or statement of the original subscriptions of its stock having been recorded as required by section 686 of the Revised Statutes.

To this plaintiff replies that the defendant, having dealt with the corporation, is estopped from contesting its corporate existence.

Plainly, the defendant bank, having received the pledged property from Aarons-Mendelsohn Company, Limited, as a corporation, cannot deny the corporate character of that company for the purpose of holding onto the property. 10 Cyc. 244. And for so deciding it is in no wise necessary to overrule Workingmen's Bank v. Converse, 29 La. Ann. 369, and Hincks v. Converse, 37 La. Ann. 488, but only to distinguish it, as was done in the cases of Latiolais v. Citizens' Bank, 33 La. Ann. 1445, and Homestead Co. v. Linigan, 46 La. Ann. 1118, 15 South. 369, and probably others. The two last-named cases were suits against stockholders, but the principle is the same. The plea of nul tiel corporation is not allowed when equity forbids. Williams v. Hewitt, 47 La. Ann. 1076, 1083, 1084, 17 South. 496, 49 Am. St. Rep. 394.

The grounds assigned by plaintiff for the invalidity of the pledge, are:

First, that the note for the security of which the pledge was made is null and void, it not having been signed by the president of the corporation as required by the charter, and that, the principal obligation being null, the pledge, the accessory obligation, is also null;

Second, that the act of pledge did not describe or identify the warehouse receipts as required by article 3159, Civ. Code; and,

Third, that the warehouse receipts were not marked, "For hypothecation," as required by Act 72, p. 113, of 1876, § 2.

The first of these grounds is clearly untenable. A corporation which has received the consideration of a contract is not allowed to defend against an action on the contract on the ground that the provisions of its charter prescribing the form of the contract were not complied with by the officer acting for the corporation in the execution of the contract. A. & E. E. of L. (2d Ed.) vol. 7, p. 761, note 1, in fine; (1st Ed.) vol. 4, p. 228, note; 8 Cyc. 54.

There is also a line of decisions to the effect that a note or a contract which has been executed by a mercantile corporation in the manner in which it usually executes its notes or contracts, and in regular course of business, will be held binding on the corporation, notwithstanding any informality in its execution resulting from noncompliance with the requirements of the charter of the corporation. Martin v. Webb, 110 U. S. 7, 3 Sup. Ct. 428, 28 L. Ed. 49; Cox v. Robinson, 82 Fed. 277, 27 C. C. A. 120; Armstrong v. Chemical Bank, 83 Fed. 556, 27 C. C. A. 601; First Nat. Bank v. G. V. B. Min. Co. (C. C.) 89 Fed. 439.

"A provision in the governing instrument of a corporation that a particular officer shall sign the name of the corporation to particular instruments—for example, to promissory notes —does not prevent the directors from authorizing any other corporate officer to perform the function." 10 Cyc. 1001.

Plaintiff's learned counsel makes a point on the circumstance that, the corporation being insolvent, the plaintiff is the representative, not of the corporation, but of the creditors, and the informalities must be considered as being urged by the creditors, or, in other words, by third persons, and not by the corporation itself. Conceding this, we

fail to see what difference it can make. There is not any the less an obligation to return the money received from the bank, and there is not any the less a note executed with the presumed authorization of the board of directors, and either of these obligations is sufficient to support the pledge. We fail to see that the fact that the note was discounted makes any difference in the case.

The second ground of nullity—that the act of pledge did not describe the warehouse receipts—is without merit. The law governing the matter is article 3158, whose requirement as to description is that the act of pledge shall mention "the species and nature of the thing given in pledge." This requirement was entirely satisfied by the recital that the thing pledged was "warehouse receipts for 30 Cases-Bales Leaf Tobacco." This was a mention of "the species and nature of the thing given in pledge." Article 3159, prescribing the manner of executing acts of pledge to banks, has reference only to the authenticity of the acts, not to their validity, so that, if the description contained in this act of pledge did not measure up to the requirements of that article, the validity of the pledge would not be affected, but only the authenticity of the act evidencing it.

The clear distinction between this case and that of Pierson, Administrator, v. Metropolitan Bank, 106 La. 298, 30 South. 885, is that in that case the pledged receipts did not describe the property. Here, for all that appears, the receipts may have contained a perfect description of the property. The one receipt that is in the record does so. It identifies the packages by the mark and the number of each. So true is this that the complaint is not, as it was in the Pierson Case, that the receipts do not identify the packages, but that the act of pledge does not identify the receipts. The receipts were actually delivered into the possession of the pledgee, than which no better identification could be desired. In fact, the mere delivery

was sufficient, without other formality whatever. Act 157 of 1900, p. 239.

The third ground of nullity, that the receipts were not marked, "For hypothecation," as required by Act 72 of 1876, p. 113, § 2, is inapplicable to the facts of the case. The warehouse receipts to which that act has reference are those "issued under the provisions of this act." The receipts involved in the instant case were not "issued under the provisions of this act," but were United States bonded warehouse receipts. They were not statutory instruments regulated by said act, but mere ordinary warehouse receipts, regulated by commercial law, and not needing to conform to said act in order to be susceptible of being pledged.

Judgment affirmed.