"The parties are left to their remedy before the tribunal having appellate jurisdiction."

The ruling is not authority in this case.

This court is without appellate jurisdiction in this case.

It is therefore ordered, under section 1 of Act No. 19 of 1912, p. 26, that this case be transferred to the Court of Appeal, First Circuit of Louisiana, to be there proceeded with as if it had never been transferred to the Supreme Court.

---

(71 South. 525)

No. 21663.

SIMS, Examiner of State Banks, v. ATHENS BANK.

(March 20, 1916. Rehearing Denied April 24, 1916.)

*(Syllabus by the Court.)*

BANKS AND BANKING ⬤109(3)—FUNCTIONS AND DEALINGS—REPRESENTATION BY OFFICER—PLEDGE.

A pledge of the assets of a bank by the cashier without authority of a resolution of the board of directors, being in violation of a prohibitory law, is invalid. The pledgee, under such circumstances, may be recognized as an ordinary creditor for the amount received by the bank, but the illegal contract of pledge cannot be enforced to the prejudice of other creditors of the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 260; Dec. Dig. ⬤109(3).]

Land, J., dissenting.

Appeal from Third Judicial District Court, Parish of Claiborne; William C. Barnette, Judge.

Action by R. N. Sims, Examiner of State Banks, against the Athens Bank. The American National Bank proceeded by rule to be recognized as pledgee of certain collateral securities. From a judgment for the plaintiff in rule, the Examiner of State Banks ap-

peals. Judgment annulled and set aside, and decree entered.

Richardson & Richardson, of Homer, for appellant. Stubbs & Theus, of Monroe, and McClendon & McClendon, of Homer, for appellee.

O'NIELL, J. The American National Bank, being a creditor of the Athens Bank, in liquidation, proceeded by rule against the examiner of state banks, and against the special agent and liquidator of the Athens Bank, to be recognized as the pledgee of certain promissory notes and cotton warehouse receipts. These collaterals had been given in pledge by the cashier of the Athens Bank to the American National Bank to secure certain loans exceeding $15,000, represented by four promissory notes bearing the signature of the Athens Bank, by its cashier, payable to the American National Bank.

In answer to the rule, the bank examiner and liquidator averred that they were in error in having listed the notes and cotton warehouse receipts held by the American National Bank as pledged to that bank. They averred that the list of these securities had been given to them by the representative of the American National Bank, whose statement, that the notes and cotton warehouse receipts had been lawfully pledged to the national bank, the defendants accepted as true, but that, on examination of the minute book of the proceedings had by the directors of the Athens Bank, it developed that no authority had been given to any one to pledge or hypothecate the notes and cotton warehouse receipts in question. The defendants, therefore, prayed that the plaintiff in rule be ordered to deliver the collateral securities in question to the liquidators, to be disposed of and the proceeds distributed in due course of liquidation of the bank's affairs.

The plaintiff in rule filed a plea of estoppel, alleging that the Athens Bank had borrowed and received, through its cashier, the money, to secure the repayment whereof the notes and cotton warehouse receipts were delivered in pledge by the cashier with the knowledge and approval of the directors of the Athens Bank; that it had been the custom for the cashier of the Athens Bank to borrow money for and in the name of the bank, and to secure the payment of such loans by pledging the available assets of the bank, all with the knowledge and consent of the directors of the bank. The plaintiff, therefore, pleaded that the Athens Bank, its liquidator and the state bank examiner, were estopped from contesting the rights of the American National Bank as pledgee of these notes and cotton warehouse receipts.

The record contains an admission by counsel for the plaintiff in rule that there was no resolution of the board of directors of the Athens Bank to authorize its cashier to borrow the money loaned by the American National Bank or to pledge or hypothecate the securities held by the national bank. It is admitted that the Athens Bank, through its cashier, borrowed and received the amounts or proceeds of the four notes held by the American National Bank, bearing the signature of the Athens Bank, by its cashier; that the cashier had, on several occasions, borrowed money from the American National Bank for and in the name of the Athens Bank, on notes similar to those now held by the plaintiff in rule, and had secured the loans by pledging the available securities of the Athens Bank. It is also admitted that the notes held as collateral security were received in pledge by the American National Bank from the cashier of the Athens Bank before maturity, and that some of them are renewals of the notes originally pledged.

The district court gave judgment in favor of the plaintiff in rule, making the rule absolute, recognizing the plaintiff's right of pledge, and ordering the proceeds of the

pledged notes and cotton warehouse receipts paid to the American National Bank, as pledgee, and in preference to other creditors of the Athens Bank. The state bank examiner prosecutes this appeal.

### Opinion.

The borrowing of the money for the Athens Bank, and the pledging of its securities to the American National Bank, by the cashier, without a resolution of the board of directors of the Athens Bank, violated a prohibitory law. Section 4 of Act No. 193 of 1910 provides:

"That no officer of any state banking association, savings bank or trust company, shall have the right to borrow money and pledge or hypothecate any of its assets except in pursuance of a resolution of the board of directors duly entered upon its minute books."

The district court held that the Athens Bank should not be allowed to repudiate the contract of loan and pledge and retain the money received in the unauthorized transaction. Therefore, in effect, the plea of estoppel was maintained, merely because the court was unable to restore the condition existing in each bank at the time their respective officers entered into the unauthorized contract of loan. This reason for maintaining the plea must suggest itself in every case where the corporation has received the benefit of the unauthorized transaction of its officers. These considerations of equity, therefore, cannot, in this case more than in any other, prevent the application of the law that whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed. R. C. C. 12.

The district judge cites the case of Blanc v. Germania National Bank, 114 La. 742, 38 South. 537, and the case of Aldrich v. Chemical National Bank, 176 U. S. 618, 20 Sup. Ct. 498, 44 L. Ed. 611, in support of his ruling that the liquidators of the Athens Bank cannot repudiate the cashier's unauthorized contract of pledge, without returning the money, for the payment whereof the bank's notes and warehouse receipts were pledged. If the cases cited maintained that doctrine, they would hold that a contract of pledge, made by an unauthorized officer of a bank or other corporation, must be enforced, any law to the contrary notwithstanding.

In the first of the cases cited, this court held that a corporation, having received the consideration for its promissory note signed only by its secretary, could not defeat a suit on the note, with the defense that the charter of the corporation prescribed that such instruments should be signed by the president and the secretary. And it was held that the obligation to return or repay the money was sufficient to support the pledge of certain warehouse receipts. The difference between that case and the one before us, however, is that, in the case cited, the contract did not conform to the requirements of the charter of the corporation, whereas, in the present case, the unauthorized contract of pledge contravenes a prohibitory law. In the case cited, the only attack upon the validity of the pledge was that there was no debt to support it. In the case before us, the contention is that the contract of pledge violates a prohibitory law and is null, even though the debt exists.

In the second case cited, Aldrich v. Chemical National Bank, the Supreme Court of the United States held that the Chemical National Bank was entitled to receive a distributive dividend as a creditor of the Fidelity National Bank, in liquidation, notwithstanding the officer of the Fidelity National Bank who negotiated the loan from the Chemical National Bank was not authorized to make it. The obligation, however, arose, not from the contract of loan, but merely from the fact that the one bank had received money from the other, for which it

had given no valid consideration, and which it was obliged to return.

On the principle of the case last cited, the American National Bank is a creditor of the Athens Bank for the money received by the latter from the former institution in pursuance of the unauthorized transaction between their respective officers. The plaintiff in rule, therefore, is entitled to share in the distribution of the assets or proceeds of the sale of the assets of the Athens Bank, in liquidation, as an ordinary creditor. But the contract of pledge, made in contravention of a prohibitory law, cannot be enforced to the prejudice of other creditors of the Athens Bank in liquidation.

The judgment appealed from is annulled and set aside, and it is now ordered and decreed that the American National Bank deliver to the examiner of state banks and the special agent and liquidator of the Athens Bank the assets belonging to said Athens Bank, given in pledge by its unauthorized cashier. The costs hereof are to be paid by the liquidators.

LAND, J., dissents.

See dissenting opinion of MONROE, C. J., on the denial of rehearing, 71 South. 527, in which LAND, J., concurs.