(102 So. 524)

No. 26259.

THOMAS et al. v. MARINE BANK & TRUST CO.

(Nov. 3, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Banks and banking** ⬧105(½)—Directors' authority to officers to borrow money from particular bank cannot be extended to validate loan made of different bank in unauthorized amount.

Resolution of board of directors authorizing officers to borrow from certain other banks, the amount to be borrowed from each being expressly stated and limited, is not authority to officers to borrow aggregate amount from any bank, nor can unexecuted authority to borrow money from particular bank be extended to serve as authority to borrow from another bank in excess of amount specified by resolution.

2. **Banks and banking** ⬧105(½)—Purported resolution not properly certified or countersigned held insufficient authority for making of pledges by officer.

Under Act 1910, No. 193, § 4, as amended in 1916 (Acts 1916, No. 251), purported resolution of board of directors authorizing officers to negotiate loan, which contained no certification by proper officer showing its due adoption or entry on minute book, and which was not countersigned by officer or director, *held* not authority to officers to borrow money and make pledges to secure.

3. **Banks and banking** ⬧103—Statute regulating authority of officers to borrow money and pledge assets of bank not unreasonable or arbitrary.

Acts 1910, No. 193, § 4, as amended in 1916 (Acts 1916, No. 251), prohibiting officer of any banking association from borrowing money or pledging its assets except in pursuance of resolution of board of directors, and containing provision protecting lending banks from fraud practiced by officers of borrowing bank, is not unreasonable or arbitrary.

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Action by L. E. Thomas and D. Lahaye against the Marine Bank & Trust Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terriberry, Rice & Young, of New Orleans, for appellant.

George K. Perrault, of Opelousas, for Eunice Hardware & Imp. Company et al., appellees.

Dudley L. Guilbeau, of Opelousas, for American Bank & Trust Company, in liquidation.

W. J. & H. W. Waguespack, of New Orleans, for Congregation of St. Anthony's Roman Catholic Church of St. Landry Parish.

Merrick & Schwarz, of New Orleans, amici curiæ.

THOMPSON, J. The question presented in this case is whether two certain loans, secured by collaterals, made by the Marine Bank & Trust Company· to the American Bank & Trust Company of Eunice, this state, were authorized to be made on behalf of the last-named bank, in the manner required by section 4 of Act 193 of 1910 as amended by Act 251 of 1916.

On August 2, 1920, the Marine Bank loaned the American Bank $9,000 for which Liberty bonds of the face value of $10,600 were pledged, and, on August 23, 1920, a further loan of $15,000 was made, for which bills receivable in excess of the said loan were pledged.

The object of this suit is to annul and set aside the two pledges, that of the Liberty bonds and that of the bills receivable, and to have the same returned to the American Bank & Trust Company, which is in the course of liquidation by the state banking department.

It is alleged that the two pledges are null and without any legal effect, for the reason that at the time said loans were obtained by the American Bank and the said pledges were made, the bank, through its officers, had already borrowed from the Marine Bank an amount greatly in excess of the sum authorized by the board of directors of said borrowing bank to be borrowed from said Marine Bank.

In its original answer the defendant concedes that the two amounts loaned were in excess of the amount the officers of the American Bank were specifically authorized to borrow from said Marine Bank under the resolution attached to plaintiff's petition, but it is alleged that under the said resolution, the officers were authorized to borrow from the Marine Bank and other banks designated to the extent of $425,000, and that said authority had not been exhausted when the two loans were made.

It is further alleged that the two loans were made at the request ·of a· majority of the board of directors of the American Bank, and that the amounts so borrowed went to the credit of said bank and were used by it in the usual course of business.

·In an amended answer filed nearly two years after the original answer was filed, the defendant alleged that in addition to the resolution annexed to plaintiff's petition wherein the cashier of the American Bank was authorized to borrow up to the sum of $425,000, a resolution had been previously passed by the board of directors on April 15, 1919, authorizing the cashier to borrow from the Marine Bank sums not to exceed $50,000, and to pledge bills receivable for said loans. And, further, that the said resolution contains the stipulation that it is to continue in full force and effect until written notice of its cancellation has been given. Section 4 of Act 193 of 1910 provides:

"That no officer of any state banking association, savings banks or trust company shall have the right to borrow money and pledge or hypothecate any of its assets except in pursuance of a resolution of the board of directors duly entered upon" the minutes.

In considering this statute in Sims v. Athens Bank, 139 La. 324, 71 So. 525, we held that a pledge of the assets of a bank by a cashier without authority of a resolution of the board of directors, being in violation of a prohibitory law, was invalid. That opinion was handed down March 20, 1916.

At the session of the Legislature following the decision referred to, section 4 of the Act of 1910 was amended by adding the following:

"—provided, however, that any person or persons, corporation or corporations, who may loan money to any state banking association, savings bank, or trust company, in good faith, on the pledge or hypothecation of any of its assets, on the faith of a copy of a resolution purporting to have been passed by the board of directors of said state banking association, * * * and certified by the cashier, treasurer or secretary of the board of directors, of said corporation to have been duly passed and en-

tered upon the minutes book of said corporation, shall be fully protected, and the said copy of such resolution shall be countersigned by one other officer or director of the borrowing institution."

The purpose of this amendment was clearly not to dispense with the necessity of a resolution of the board of directors authorizing the officers of the borrowing bank to negotiate a loan, but to protect the lending bank in making a loan in good faith, on the representation by certain officers of the borrowing bank, that the required resolution had been duly passed and entered on the minute book of the bank.

Had such representation been made in this case to the Marine Bank, in conformity to the requirements of the amendatory act, and the bank had acted on such representations, there would have been no serious doubt, we imagine, that, in so far as the Marine Bank is concerned, the loan and pledge would have been held legal and binding, even though it should have afterward appeared that no such resolution had in fact been passed and placed on the minute book of the borrowing bank.

In such circumstances the omission, negligence, or the fraud of the officers of the borrowing bank could not be visited upon the lending bank.

[1] It appears very clear from the record that the two loans in question cannot be brought under the authority of the resolution of the board of directors attached to the plaintiff's petition and bearing date March 10, 1920. The amount therein authorized to be borrowed from the Marine Bank, to wit, $50,000, had been borrowed, and the notes of the American Bank evidencing that loan were outstanding and unpaid when the two loans complained of were made. Nor can the fact that the American Bank had not borrowed all that it was authorized to borrow under said resolution from the other banks named be substituted as authority to borrow from the Marine Bank an amount in excess of the amount specifically authorized by that resolution to be borrowed from the said bank. The resolution did not authorize the officers to borrow from any bank up to $425,000. On the contrary, the name of each bank was given and the amount to be borrowed from each was specifically stated and limited. The unexecuted mandate to borrow from a particular bank named cannot be extended and made to serve as authority to borrow from any other bank. To adopt such a contention would be contrary to the purpose and against the spirit, if not the letter, of the statute under consideration.

[2] This brings us to a consideration of the ultimate contention of the defendant, and that is that the two loans are supported and justified under the resolution of date April 15, 1919. It is to be observed that the last-named resolution purports to bear a date nearly a year previous to the resolution authorizing the officers to borrow from several different banks, including the Marine Bank, up to the sum of $425,000. It is also worthy of note that all loans made by the American Bank for the year 1919 had been paid by said bank before any loans were made under the resolution of March 10, 1920.

The purported resolution of April 15, 1919, was only discovered some two years after the present suit was filed. It was found in loose leaf in the minute book of the American Bank and was unsigned and undated. There is nothing on the minutes of the bank to show that any such resolution was ever adopted. There was also produced and filed by the defendant what purports to be a copy of the above-mentioned resolution, signed by Lacombe as secretary. This copy bears a date April 15, 1919, made with a rubber stamp. While it is contended that this purported resolution had been passed, and was in force when the two loans in question were made, it is not pretended that the Marine

Bank had the copy in its possession when the said loans were made, nor is it claimed that said loans were made on the faith of such a resolution.

None of the officers of the bank who testified in the case appear to have had any knowledge of the existence of such resolution. But, conceding that the resolution is what it purports to be and that the authority therein granted had not been exhausted when the two loans were made, it is perfectly obvious that the copy of the resolution could not form the basis for a valid loan and pledge under the amendatory act of 1916. There was no attempt at compliance with the requirements of the statute. There is no certificate by the proper officer of the bank showing that such a resolution was adopted. There is no certificate that such a resolution was entered on the minute book of the bank, and the purported copy·is not countersigned by one other officer or director of the American Bank as specifically required by the statute. In these circumstances it must be held that the officers of the American Bank were without legal authority to make the pledges in question, and the Marine Bank was not justified in making the loans and accepting the pledges.

[3] The requirements of the statute are not unreasonable nor arbitrary. The statute is designed to protect the banking institutions against the unauthorized acts and the abuse of the authority and discretion of their officers, and at the same time its provisions afford ample protection to the lending banks against any imposition, deception, or fraud on the part of those who would be borrowers.

If the lending banks would demand compliance with the requirements of the statute on the part of their borrowing customers, losses. such as the defendant bank here suffers will be avoided. The terms of the statute are prohibitive and the courts have no alternative but to enforce them ·as written.

The judgment appealed from is therefore affirmed, with costs.