No. ——

First Circuit

KENNEDY v. CONSUMERS ICE CO.

(Jan. 5, 1928.  Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Attorneys—Par. 22.**

Although an attorney is not authorized by a resolution of the board of directors of a corporation to act as such, nevertheless, where the president authorized him and the directors and stockholders availed themselves of his services and profited from these services, he is entitled to remuneration for his work from the corporation.

2. **Louisiana Digest—Attorneys—Par. 62 c.**

$1060.00 is considered a sufficient quantum meruit for services of an attorney to liquidate the affairs of a corporation although his advice was not followed after the property was acquired by one stockholder.

Appeal from the Parish of Lafayette. Hon. W. W. Bailey, Judge.

Action by John L. Kennedy against Consumers Ice Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Voorhies & Labbe, Lafayette, attorneys for plaintiff, appellee.

G. E. Garner, Little Rock, Ark., attorney for defendant, appellant.

LECHE, J.  Plaintiff, an attorney at law, brought this suit to recover fifteen hundred dollars as an honorarium for professional services in the matter of the liquidation and dissolution of the defendant corporation and the sale of all its property and other assets.

The defense is summarized in the brief of counsel, who says that the issues before this court are:

"(1)  Did the plaintiff have a contract to dissolve the corporation and what would be a reasonable fee for so doing?

"(2)  What would be a reasonable fee for the services actually rendered by the plaintiff on a quantum meruit?"

Although plaintiff's employment is not shown by resolution of the Board of Directors or other governing authority of the defendant company, the evidence is over-whelmingly to the effect that the president of the company did employ him, that the directors and stockholders availed themselves of his services and that the corporation itself treated with him as its employed attorney and made use of and profited from his professional services, so that the first part of the interrogatory propounded by defendant may be answered unequivocally in the affirmative.  Berlin vs. Cusachs, 114 La. 741, 38 South. 539; Mayville Canal Co. vs. Lake Arthur Rice, Mill, 119 La. 459, 44 South. 260.

Plaintiff does not allege nor does he attempt to prove that any fixed remuneration was stipulated between himself and defendant when he was employed, and therefore the amount of his demand must necessarily be fixed as in the case of a demand based on a quantum meruit.  The amount was fixed by the trial judge in accordance with the fees usually charged for such services as were rendered by plaintiff, as shown by the testimony of local members of the bar, and we believe it is fair to both parties.

It appears from the record that the defendant company had agreed to accept from a Mr. S. R. Morgan of Little Rock, Arkansas, an offer to purchase its ice plant together with all the accessories of the plant.  The president of the company, Mr. G. A. Rodemacher, and Morgan, the

prospective purchaser, called on plaintiff for legal advice as to the proper mode to pursue, in order to carry out the offer and complete the sale. In this interview it was agreed that plaintiff would proceed to draw up all the necessary papers and documents, to liquidate the affairs of the corporation with a view of transferring all its assets to Morgan and dissolving its incorporation. In the meanwhile Rodemacher transferred enough of his stock to Morgan, to give the latter a controlling interest in the company. Meetings of the Board of Directors and of the stockholders were held, and at these meetings resolutions drawn up under the guidance and instruction of plaintiff were adopted. It seems that Morgan was buying with a view of reselling the plant to the Louisiana Public Utilities Co., Inc., and the latter company's attorneys, in order to safeguard their client's interest, and that they might acquire a valid title, had a good deal of correspondence with plaintiff pending the transfer of the property to Morgan. After Morgan had acquired the property, he refused to carry out the plan of liquidation mapped out by plaintiff and consented to by the Board of Directors and the stockholders. From that time plaintiff's connection with the transaction was terminated. Such are the facts as we gather them from the evidence in the record.

The trial judge rendered judgment in favor of plaintiff for one thousand and sixty dollars and we see no error in that finding.

For these reasons the judgment appealed from is affirmed.