CLARKE GARAGE CO., INC., v. ROSENBERG

(May 5, 1930. Opinion and Decree.)

Merrick, Schwarz, Guste, Barnett & Redmann and E. E. Willis, of New Orleans, attorneys for plaintiff, appellee.

Joseph A. Casey, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sues defendant to recover $300, alleged to be due for real estate broker's commission, and 25 per cent. additional as attorney's fees. The petition avers that on May 16, 1927, defendant entered into a written contract with B. C. Curren, Inc., a corporation duly licensed and authorized to do business as a real estate broker in this city; that under the terms and provisions of the contract Curren, Inc., was appointed as defendant's exclusive agent to sell a certain piece of property on Magazine street in this city; that in consideration of the services of the real estate broker, defendant agreed to pay 4 per cent. on the sale price of $7,500 as commission, and an additional 25 per cent. as attorney's fees; that while the contract was in full force and effect the defendant sold the property through another real estate agent, but

defendant failed to pay Curren, Inc., the commission; that Curren, Inc., assigned its rights under the contract to plaintiff.

Defendant answered, admitting the contract of employment and that the property was sold by another real estate agent during the life of the contract, but denied liability on two grounds: First, that B. C. Curren, president of Curren, Inc., was not authorized to assign the claim for commission to the plaintiff; and, second, that B. C. Curren, president of Curren, Inc., before the sale of the property, agreed to waive claim for commission.

There was judgment in favor of the plaintiff as prayed for, and the defendant has appealed.

The record shows that Curren, Inc., was a duly licensed and authorized real estate broker in the city of New Orleans and rented its offices from the plaintiff. Curren, Inc., became delinquent in the payment of its rent, and plaintiff sued the corporation and provisionally seized its office furniture and automobile. In consideration of the plaintiff releasing the seizure and withholding further action in the case, Mr. Curren, as president of Curren, Inc., assigned the claim for commission in question to the plaintiff, and specifically authorized plaintiff to file suit for the collection of the claim.

The record also shows that Mr. Curren as president, had exclusive and unrestricted control, supervision, and management of the affairs of the corporation; that he signed all contracts whereby clients turned over to the company property for sale; that he collected all commissions due the company; that the company bears his own name and, in his own words, he "attended to all the business of the company."

In the case of Westchester Fire Insurance Co. vs. Shreveport Producing & Refg. Co., 10 La App. 186, 121 So. 331, the court held:

"A formal assignment and subrogation of the rights of the insured was within the ministerial authority of the president who was also the general manager of the insured and did not require any special authorization of the board of directors."

Our Supreme Court, in the case of Haas v. S. Gumbel & Co., 155 La. 422, 99 So. 350, 352, said:

"It is suggested in the briefs filed by counsel for appellant that the future (cotton future) transactions complained of should have been authorized or ratified by a resolution of the board of directors of the Opelousas Mercantile Company, and that the authority and confirmation given by the president, for the company, was not sufficient. As we have said, Mr. Roos was not only the president of the Opelousas Mercantile Company. He was its general manager and transacted all of its business without obtaining special authority from the board of directors for any particular transaction. Under such circumstances, the defendant, dealing with the president of the corporation in the usual manner and course of business, not ultra vires of the corporation, had the right to assume that the president of the corporation was actually invested with the authority which he was exercising. Cook on Corporations (6th Ed.) p. 2290; Blanc v. Germania National Bank, 114 La. 739, 38 So. 537; Berlin v. P. L. Cusachs, 114 La. 744, 38 So. 539; Robert Gair Co. v. Columbia Rice Packing Co., 124 La. 193, 50 So. 8."

See, also, Thompson on Corporations (3d Ed.) vol. 3, pp. 39 and 56.

We are of the opinion that the president of Curren, Inc., had the power and authority to sign the contract of assignment in behalf of the corporation, the transaction being one in the usual course of the real estate business.

Counsel for defendant has referred us to Jackson Brewing Co. vs. Canton, 118 La. 825, 43 So. 454. In that case the president of a brewing company, who was about to leave for Europe, left instructions with his secretary "to buy some real estate if any opportunity presented itself." The secretary referred the matter to a real estate broker, who negotiated with the defendant to buy a piece of property from her. The case is distinguishable from the present one because it appears that the president exercised authority which was not in the usual course of business, the objects and purposes of the corporation being the carrying on of a brewing business, and not the purchasing of and dealing in real estate.

The next question is one of fact. Defendant and his witness Neely testify that Curren waived the commission. Curren testified that he did not. After the time he is said to have agreed to waive the commission, Curren recorded the real estate brokerage contract of employment in the conveyance office on June 23, 1927, which would tend to show that he neither had any intention of waiving, nor did he waive, the claim for commission. This defense is a special one, and the burden of proving it by a preponderance of the evidence is upon defendant. The evidence on this issue is conflicting and irreconcilable.

The judge of the trial court found for the plaintiff, and, after carefully reviewing the record, we have concluded that his judgment is correct.

For the reasons assigned the judgment appealed from is affirmed.