## CORBIN v. SOUTHERN STATES PACKING CO., Inc. (MAYS, Intervener).

### No. 963.

Court of Appeal of Louisiana, First Circuit.

May 3, 1932.

Reid & Reid, of Hammond, for appellant.

J. H. Inman, of Ponchatoula, for appellee.

F. Otway Denny, of Hammond, curator ad hoc, for defendant.

### ELLIOTT, J.

Alex Corbin claims to be a creditor of Southern States Packing Company for $300, on account of two months' employment during the strawberry shipping season for the year 1931. He claims that he was employed by the defendant to arrange for the purchase of strawberries and supervise the operation of a cold packing plant for the packing and preserving of strawberries.

Plaintiff claims that he was employed by Southern States Packing Company, Inc., through W. E. Malcolm, its president and general manager. That, just about the time the packing season commenced, the plant which he was employed to operate was sold to L. C. Mays, with the result that the plaintiff was unable to obtain other employment during the time mentioned. He claims for services rendered and also for time lost, engaged in behalf of the defendant, but not used. He alleges that his services were hired at $150 a month, and that the defendant owes him for two months, a total of $300. That the defendant is an absentee and not represented in the state. He caused a writ of attachment to issue against the defendant, under which five electric motors, a miscellaneous lot of pulleys, belts, and shafts, 2 Haller fruit washing machines, 900 flat strawberry crates, 4 sets of platform scales, and an undetermined number of barrels, in the possession of R. E. Perrin in the town of Ponchatoula, were seized and held to pay the amount which he claims is due him.

An attorney at law was appointed, as curator ad hoc to represent the defendant. The curator ad hoc appeared in his capacity as such and answered and defended the suit in behalf of the defendant. L. C. Mays intervened in the suit and claimed the ownership of the property seized on the ground that he had purchased same and it had been delivered to him previous to the attachment.

The lower court rendered judgment in favor of the plaintiff for $300, sustained the attachment, and rejected the demand of the intervener. L. C. Mays has appealed.

The evidence on the subject concerning plaintiff's contract with defendant W. E. Malcolm could be more to the point, but when all he says is considered and taken into account it appears therefrom that he was employed by Southern States Packing Co., Inc., represented by W. E. Malcolm, president and manager of the corporation, in its negotiations and dealings with him concerning his employment, compensation, and the operation of a cold packing plant.

There is some evidence, the tendency of which is to support plaintiff's claim. It may be reasonably concluded from all that is said and done that the plaintiff was employed by the defendant for the purpose and at the compensation which he claims, and that, as a result of the sale of the plant, he was deprived of any other employment during the season for cold packing strawberries.

The evidence shows that defendant, acting from its place of domicile in Florida, sold its plant at Ponchatoula to the intervener, Mays, and that plaintiff had no notice of it until informed of it by Mr. Perrin. There is serious contention on the part of defendant, represented by a curator ad hoc, and L. C. Mays, intervener, that W. E. Malcolm was not its president and general manager and had no authority to employ the plaintiff.

Two witnesses, W. F. Hutchinson and E. W. Hutchinson, officers of the defendant at the time of the trial, testified to that effect; but at the same time that they make such denials, it affirmatively appears from their testimony that W. E. Malcolm was elected the first president of the defendant, had charge of its business, and this at a time which corresponded with the time plaintiff claims he was employed and served the defendant. And the Messrs. Hutchinson admit

524

that Mr. Malcolm was never notified that he was displaced as president, and that his authority was repudiated.

■ We find that the court was reasonably justified in holding that Malcolm did have power and authority to bind defendant in a contract with the plaintiff and to employ the plaintiff. Blanc v. Germania Nat. Bank, 114 La. 739, 38 So. 537, and Gair Co. v. Columbia Rice Packing Co., 124 La. 193, 50 So. 8. If there was dispute about the position of Malcolm among the directors, the plaintiff was not aware of it. Malcolm appears to have had the apparent authority of president, vested in him by an election.

■ Defendant and intervener contends that the property had been delivered to Mays before the attachment. The property had been sold to Mays before the attachment, but, at the time the seizure was made, the property was still in the hands of R. E. Perrin, who held it for the defendant, and no actual delivery or change of possession had taken place. Consequently the seizure was effective.

Judgment affirmed. Intervener to pay the cost of appeal.