On Rehearing
McBRIDE, Judge.
We granted a rehearing in this case because we doubted that defendant had shown that W. A. Bisso, Jr., who telephoned him, was possessed of authority to refuse to permit the defendant to cut up the barge for scrap while it rested on the batture near the “Bisso Fleet.”
There is no question that defendant purchased the barge, which could not be floated, for the specific purpose of cutting it up for scrap metal, and that this condition was at least tacitly understood by the parties to the sale.
While the defendant in his answer sets up that there never had been any delivery of the barge nor was the sale ever completed, his real defense is that he could not use the barge for the purposes for which it had been purchased. There is no question that the barge had been delivered to the defendant, for he brought his trucks to the scene and tied the barge securely and then left to make arrangements to secure a crew of workmen to cut up the barge. It is also shown that the defendant had negotiations with Capt. Bisso, Sr., who consent *508 ed to defendant’s cutting- the barge up for scrap provided defendant gave him “a couple of bitts for his derrick.” Defendant takes the position that W. A, Bisso, Jr., who telephoned him the next day or soon thereafter forbidding him to cut up the barge on the batture, had authority to prevent his doing the work, but the record does not show that Mr. Bisso had any authority to prevent the defendant from proceeding.
The defense that Bisso prevented defendant from using the barge for the purposes for which defendant had purchased it amounts to a special defense and the burden of proving it by a preponderance of evidence rested with defendant. Clarke Garage Co., Inc. v. Rosenberg, 13 La.App. 374, 128 So. 62.
The barge was located on the bat-ture between the levee and the waters of the Mississippi River, or in a public place, and what right Mr. W. A. Bisso, Jr., had to prevent defendant from cutting up the barge not being shown, the defendant has failed in carrying the onus of proving the special defense upon which he relies in resisting plaintiff’s claim for the purchase price of the barge.
Therefore, our former decree is annulled, recalled and avoided, and it is now ordered, adjudged and decreed that the judgment of the district court be and the same is hereby reinstated and affirmed.
Original decree recalled and annulled; judgment affirmed.